# UNITED STATES DISTRICT COURT
Western District of Kentucky
Bowling Green Division

| | |
|---|---|
| Rodrigo E. Rodriguez<br>*Plaintiff*<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br>*Defendant*<br>Serve:<br>    Corporation Service Company<br>    251 Little Falls Drive<br>    Wilmington, DE 19808 | Case No.   1:22-CV-73-GNS |

## CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by Plaintiff Rodrigo E. Rodriguez on his own behalf and on behalf of a class of similarly situated Kentucky consumers for claims against Defendant Portfolio Recovery Associates, LLC for its violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA at 15 U.S.C. §1692k(d), and 28 U.S.C. § 2201. Venue is proper because the nucleus of facts and events at issue in this case arose in Warren County, Kentucky where Plaintiff is domiciled and which is located in this district.

### PARTIES

3. Plaintiff Rodrigo E. Rodriguez is a natural person who resides in Warren County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

4. Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited liability company not registered to do business with the Kentucky Secretary of State engaged in the business of purchasing debts from creditors and collecting these debts in this state. PRA's primary place of business is located at 120 Corporate Drive, Norfolk, VA 23541.

5. PRA is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

6. On October 11, 2021, Defendant Portfolio Recovery Associates, LLC ("PRA") filed a lawsuit against Plaintiff Rodrigo E. Rodriguez ("Rodriguez") in the Warren District Court of Warren County, Kentucky under case number 21-C-02941 (the "PRA Lawsuit"). A true and accurate copy of the complaint filed by PRA in the PRA Lawsuit (the "Collection Complaint") is filed as Exhibit "A."

7. The Collection Complaint filed in the PRA Lawsuit alleged that Mr. Rodriguez owed a debt to PRA which it acquired via purchase and assignment from Capital One Bank (USA), N.A. ("Capital One").

8. The alleged Capital One debt underlying the PRA Lawsuit arose out of a defaulted credit card account used for personal, family, or household purposes, making the alleged Capital One debt a "debt" within the meaning of the FDCPA, 15 U.S.C. §1692a(5).

9. Mr. Rodriguez, by and through undersigned counsel, filed a timely answer to the Collection Complaint in the PRA Lawsuit and propounded discovery requests, including requests for production of documents.

10. In response to Mr. Rodriguez's requests for production of documents in the PRA Lawsuit, PRA produced documents which included a spreadsheet excerpt containing account information (the "Account Information") and purported account statements for the Capital One account ("Account Statements"). A true and accurate copy of PRA's discovery responses, including the Account Information and Account Statements, are filed as Exhibit "B."

11. No document produced by PRA in its discovery responses it served in the PRA Lawsuit bears Mr. Rodriguez's signature, including the purported credit card agreement between Mr. Rodriguez and Capital One.

12. The Account Information and Account Statements both reflect a date of first delinquency for the Capital One account of February 22, 2018 and a charge-off date of July 27, 2018:

| | |
|---|---|
| OTHER DO NOT CALL | |
| DATE ACCOUNT WAS OPENED | 02/14/2013 |
| DATE OF FIRST DELINQUENCY | 02/22/2018 |
| DATE ACCOUNT CHARGED OFF | 07/27/2018 |
| PRE CHARGEOFF LAST PAYMENT DATE | 01/13/2018 |
| PRE CHARGEOFF LAST PAYMENT AMOUNT | 62.46 |
| MOST RECENT PAYMENT DATE | 03/27/2019 |
| MOST RECENT PAYMENT AMOUNT | 310.30 |

13. The Account Information states that Capital One credited a payment of $310.10 to the purported Capital One account on March 27, 2019. No other document furnished by PRA in the PRA Lawsuit or produced as a business record by Capital One reflects the purported payment credited on March 27, 2019.

14. As Capital One's assignee, PRA's claims against Mr. Rodriguez in the PRA Lawsuit derive entirely from Capital One's claims against Mr. Rodriguez.

15. Capital One's claims and hence PRA's claims against Mr. Rodriguez accrued no later than February 22, 2018, more than three years before PRA filed the PRA Lawsuit.

16. Capital One is a national bank headquartered in Virginia.

17. Capital One's claims and hence PRA's claims against Mr. Rodriguez accrued in Virginia because the alleged injurious consequences to Capital One of Mr. Rodriguez's alleged default occurred in Virginia, where Capital One was to receive any payments. *Abel v. Austin*, 411 S.W.3d 728 (Ky. 2013); *Conway v. Portfolio Recovery Associates, LLC*, 13 F.Supp.3d 711 (E.D. Ky., March 31, 2014).

18. Under Virginia law, credit card debt is subject to the three-year statute of limitations for contracts not in writing contained in Va. Code Ann. §8.01-246(4). *Delrey v. Capital One Bank*, 08-514 AP, 2009 WL 5103229 (Fla. Cir. Ct., July 7, 2009); *In re Lewis*, 517 B.R.615 (E.D. Va., September 26, 2014).

19. The purported partial March 27, 2019 payment credited to the Capital One account did not cure the alleged default on the Capital One account; did not constitute a written acknowledgement or admission of the alleged debt; and did not toll the applicable three-year statute of limitations. *Guth v. Hamlet Associates, Inc.*, 230 Va. 64, 77-78, 334 S.E.2d 558, 567

(S.C. Va., 1985).

20. Under straightforward application of Kentucky's borrowing statute, KRS 413.320, PRA's claim against Mr. Rodriguez was subject to Virginia's three-year statute of limitations.

21. PRA filed the Collection Complaint against Mr. Rodriguez in the PRA Lawsuit more than three years after its cause of action accrued against Mr. Rodriguez, and hence its claims in the PRA Lawsuit were barred by Virginia's applicable statute of limitations.

22. PRA violated the FDCPA by filing the PRA Lawsuit against Mr. Rodriguez outside the applicable statute of limitations which violation created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

## CLASS ALLEGATIONS

23. Plaintiff Rodrigo E. Rodriguez hereby incorporates in this his Class Allegations all paragraphs pleaded *supra,* including each and every statement, fact asserted and allegation as if set out at length herein.

24. Plaintiff Rodrigo E. Rodriguez individually and in the capacity of proposed "named plaintiff" hereby alleges a proposed class action on behalf of a class of Kentucky citizen consumers against Defendant Portfolio Recovery Associates, LLC ("PRA") (the "Class") comprised of the following persons:

**CLASS:**

All Kentucky consumers within the meaning of the FDCPA against whom PRA brought a lawsuit in any District or Circuit Court of the Commonwealth of Kentucky within one (1) year prior to the filing of this Complaint in which:

**A.** PRA's claims in the lawsuit against the consumer arose out of a credit card debt originally owed to Capital One Bank (USA), N.A. ("Capital One") or another bank or financial institution domiciled in the Commonwealth of Virginia, and PRA became the assignee of Capital One's or the other relevant financial institution's claims against the consumer;

**AND**

**B.** PRA's claims in the lawsuit against the consumer accrued more than three years prior to the filing of PRA's lawsuit against the consumer.

25. The proposed Class as set defined *supra* and represented by named Plaintiff

Rodrigo E. Rodriguez of which Rodrigo E. Rodriguez is a member is a class of persons whose members are so numerous that joinder as parties of individual members is impracticable.

26. Plaintiff's claims are typical of the claims of the proposed Class as set out *supra*.

27. There are common questions of law and fact applicable to the members of the proposed Class in this action that relate to and affect the rights of each member of the proposed Class, and the relief sought is common to the entire proposed Class because all members of the proposed Class have the same issues of law in common as alleged *supra.*

28. There is no known conflict between named Plaintiff Rodrigo E. Rodriguez and any other members of the proposed Class with respect to this action or with respect to the claims for relief herein set forth.

29. Plaintiff is representative of the proposed Class and seeks to be a representative party for the proposed Class because he is able to, and will, fairly and adequately protect the interest of each of the members of the proposed Class.

30. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA, FCRA, Kentucky Consumer Protection Act, and other consumer rights litigation, and have successfully represented other claimants in similar litigation.

31. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Class would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

32. The class action proposed is the proper way to litigate the claims of the proposed members of the proposed Class because the prosecution of separate actions by individual members of the proposed Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

33. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Class will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

34. The identity of each individual member of the proposed Class can be ascertained from the books and records maintained by Defendant, and/or from public records.

35. Because many of the persons who comprise the proposed class in this case may not be aware of their rights or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

36. The foregoing acts and omissions of Defendant Portfolio Recovery Associates, LLC ("PRA") with respect to Plaintiff Rodrigo E. Rodriguez individually and with respect to named Plaintiff Rodrigo E. Rodriguez and the proposed Class alleged *supra* constitute violations of the FDCPA, which violations each created a material risk of harm to the interests recognized by Congress in enacting the FDCPA. PRA violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute which violations of the FDCPA include, but are not limited to, the following:

   i. **Violation of 15 U.S.C. § 1692f (using unfair or unconscionable means to collect or attempt to collect any debt) and 15 U.S.C. § 1692e(5) (by taking or threatening to take an action that cannot be legally taken to collect a debt)** by filing the PRA Lawsuit against Mr. Rodriguez, and filing lawsuits against members of the Class, outside the applicable statute of limitations; and

   ii. **Violation of 15 U.S.C. § 1692f(1)** by filing the PRA Lawsuit against Mr. Rodriguez, and filing lawsuits against members of the Class, outside the applicable statute of limitations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rodrigo E. Rodriguez, individually and as named Plaintiff for the proposed Class, requests that the Court grant the following relief:

1. Award Plaintiff and the members of the Class their actual damages pursuant to 15 U.S.C. §1692k;

2. Award Plaintiff and the members of the Class maximum statutory damages permitted by the FDCPA pursuant to 15 U.S.C. §1692k;

3. Award Plaintiff and the members of the Class reasonable attorney's fees and costs;

-7-

4.      A trial by jury; and

5.      All other relief to which Plaintiff and the Class may be entitled.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
P.O. Box 1286
Shelbyville, KY 40066
Tel: (502) 473-6525
Fax: (502) 473-6561
E-mail: james@kyconsumerlaw.com