UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00073-GNS-HBB

RODRIGO E. RODRIGUEZ                                                    PLAINTIFF

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment (DN 26) and Defendant's Motion for Summary Judgment (DN 27). The motions are ripe for adjudication.

## I.      BACKGROUND

In February 2013, Plaintiff Rodrigo E. Rodriguez ("Rodriguez") opened a credit card account with Capital One while he resided in Texas, and he used this account to purchase items. (Joint Stipulation ¶¶ 1, 4, DN 16). On January 13, 2018, Rodriguez made a credit card payment on his account via an ACH transfer from his checking account while he continued to reside in Texas. (Joint Stipulation ¶¶ 6-8).

On February 22, 2018, Rodriguez's credit card account became delinquent when he failed to make the required monthly payment in violation of the terms of the Capital One customer agreement ("Customer Agreement"). (Joint Stipulation ¶ 9; Joint Stipulation Ex. 1, DN 16-1). On July 27, 2018, the account was charged off by Capital One with a balance of approximately $4,137. (Joint Stipulation ¶ 10). Around that time, Rodriguez moved from Texas to Tennessee. (Joint Stipulation ¶ 11).

There is a dispute as to whether Rodriguez made any additional payments in March 2019. Rodriguez lacks any recollection of making any payment and contends that Defendant Portfolio

1

Recovery Associates, LLC ("PRA") has failed to provide any evidence that he made any further payment. (Pl.'s Mem. Supp. Mot. Summ. J. 6, DN 26-1). Rodriguez also subpoenaed his bank records, which did not reflect any payment. (Pl.'s Mem. Supp. Mot. Summ. J. 6).

On January 15, 2020, Defendant Portfolio Recovery Associates, LLC ("PRA") purchased Rodriguez's delinquent account from Capital One and obtained all rights to the account. (Joint Stipulation ¶ 12). At the time the account was acquired, the account had a past-due balance of $3,206.10, which included a principal balance of $2,562.07, interest in the amount of $549.03, and fees of $95. (Joint Stipulation ¶ 12). Information provided by Capital One to PRA as part of the purchase of Rodriguez's account reflected that the last payment on the account occurred on March 27, 2019, in the amount of $310.30. (Def.'s Mot. Summ. J. Ex. 1-A, at 24, DN 27-3). PRA also asserts that the information reflects that three post-charge-off payments of $310.30 each were made, totaling $930.90.[1] (Def.'s Mot. Summ. J. Ex. 1-A, at 25).

In late 2020, Rodriguez moved to Bowling Green, Kentucky, where he currently resides. (Joint Stipulation ¶ 13). On October 10, 2021, PRA filed a collection lawsuit against Rodriguez in Warren District Court (Kentucky) to recover the amount of $3,205.88 on his former Capital One account, and Rodriguez made no payments on that account after the collection lawsuit was filed. (Joint Stipulation ¶¶ 14-15).

Rodriguez filed this action against PRA asserting alleged violations of the Fair Debt Collection Practices Act ("FDCPA") arising from its effort to collect on the outstanding balance on the Capital One account. (Compl. ¶ 36). Following discovery, the parties have filed dueling

---

[1] PRA notes that "[t]hese post-charge-off payments provide the basis for the difference between the charge-off balance of approximately $4,137 and the sale balance of approximately $3,206.10. (Def.'s Mem. Supp. Mot. Summ. J. 6 (citing Def.'s Mot. Summ. J. Ex. 1-A, at 25)).

2

motions for summary judgment.[2]  (Pl.'s Mot. Partial Summ. J., DN 26; Def.'s Mot. Summ. J., DN 27).

## II.  JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction.  *See* 28 U.S.C. § 1331.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] party moving for summary judgment may satisfy its burden [of showing] that there are no genuine issues of material fact simply 'by pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.'"  *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).  Similarly, the movant may meet its burden by offering evidence negating an essential element of the non-moving party's claim.  *See Dixon v. United States*, 178 F.3d 1294, 1999 WL 196498, at *3 (6th Cir. 1999).

After the movant either shows "that there is an absence of evidence to support the nonmoving party's case," or affirmatively negates an essential element of the non-moving party's claims, the non-moving party must identify admissible evidence that creates a dispute of fact for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  While the Court must view the evidence in a light most favorable to the non-moving party, the non-moving party "must do more than simply show that

---

[2] Rodriguez moves for partial summary judgment against PRA on liability only for violating the FDCPA.  (Pl.'s Mem. Supp. Mot. Partial Summ. J. 1, DN 26-1)

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] [] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

## IV.   <u>DISCUSSION</u>

Rodriguez filed this action alleging the untimeliness of PRA's collection action in violation of the FDCPA. In particular, Rodriguez alleges that PRA violated 15 U.S.C. §§ 1692e and 1692f by filing the collection lawsuit against him after the expiration of the applicable statute of limitations. (Compl ¶ 36, DN 1). "Section 1692e of the FDCPA prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Hall v. LVNV Funding, LLC*, No. 3:13-CV-00399-H, 2013 WL 5550838, at *2 (W.D. Ky. Oct. 8, 2013). "Section 1692f of the FDCPA prohibits a debt collector from using 'unfair or unconscionable means to collect or attempt to collect any debt.'" *Id.* "Generally, a [FDCPA] violation is found when the debt collector knew or should have known the lawsuit was time-barred." *Id.* (citation omitted).

The common issue raised in the parties' dueling summary judgment motions is whether the statute of limitations of Virginia or Texas applies to PRA's collection lawsuit against Rodriguez.[3] (Pl.'s Mem. Supp. Mot. Partial Summ. J. 10-18; Def.'s Mem. Supp. Mot. Summ. J.

---

[3] As a sister court has noted:

> Despite a lack of controlling precedent on this issue in Kentucky, many other jurisdictions commonly treat credit card agreements as contracts not in writing, because such agreements typically do not contain on their face all the essential terms necessary to constitute a written contract. For an agreement to constitute a written contract "all its terms and provisions can be ascertained from the instrument itself."

4

13-18, DN 27-1).  "Federal courts sitting in diversity must apply the procedural law of the forum, here Kentucky, including its statutes of limitations."  *Combs v. Int'l Ins. Co.*, 163 F. Supp. 2d 686, 690 (E.D. Ky. 2001) (citing *Elec. Power Bd. of Chattanooga v. Monsanto Co.*, 879 F.2d 1368, 1375 (6th Cir. 1989)).  "In deciding what law applies to a particular case, one must first look to the forum state's choice of law statute."  *Elec. Power Bd. of Chattanooga*, 879 F.2d at 1375 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3 (1975)).

In opposing PRA's motion, Rodriguez contends that this Court must apply Virginia law because of the choice-of-law provision in the Customer Agreement.  (Pl.'s Resp. Def.'s Mot. Summ. J. 5, DN 28 (quoting Pl.'s Resp. Def.'s Mot. Summ. J. Ex. A, at 6, DN 21-1).  As the Sixth Circuit has noted, however, "contractual choice-of-law clauses incorporate only substantive law, not procedural provisions such as statutes of limitations."  *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998) (citations omitted).  Thus, "[a]bsent an express statement that the parties intended another state's limitations statute to apply, the procedural law of the forum governs time restrictions on an action for breach, while the law chosen by the parties governs the terms of their contract."  *Id.* at 437-38 (citation omitted).  The Customer Agreement in the instant

---

*Conway v. Portfolio Recovery Assoc., LLC*, 13 F. Supp. 3d 711, 714-15 (E.D. Ky. 2014) (*Conway I*) (internal citations omitted) (quoting *Mills v. McGaffee*, 254 S.W.2d 716, 717 (Ky. 1953)), *vacated*, No. 3:13-CV-007-GFVT, 2017 WL 3908682 (E.D. Ky. Sept. 5, 2017) (*Conway II*).  In *Conway I*, the court found that the Capital One customer agreement for the credit card account lacked some of the essential elements for a written contract, including the accountholder's signature and the applicable interest rate.  *See id.*  In the instant case, the parties have stipulated to the terms of the Customer Agreement for Rodriguez's account.  (Joint Stipulation ¶ 3; Joint Stipulation Ex. 1).  Like the agreement in *Conway I*, the Customer Agreement lacks Rodriguez's signature and does not contain the applicable interest rate. Therefore, this Court will consider statutes of limitations applicable to unwritten contracts.  *See Conway I*, 13 F. Supp. 3d at 715.

case contains no express statement precluding application of Kentucky's borrowing statute, KRS 413.320, so Kentucky law applies to this analysis.[4]

As a sister court has explained, "Kentucky has a 'borrowing statute' that, when applicable, 'borrows' the limitations period of another state where a cause of action accrues, when that period is shorter than Kentucky's limitations period.  The borrowing statute is triggered only when the cause of action accrued in another jurisdiction." *Combs*, 163 F. Supp. 2d at 691 (internal citation omitted).  This statute provides:

> When a cause of action has arisen in another state or country, and by the laws of [the] state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a shorter period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period.

KRS 413.320.

To apply Kentucky's borrowing statute, this Court must consider:

(1)    Whether the cause of action accrued in another state;
(2)    If the cause of action did accrue in another state, whether that state's statute of limitations for the particular cause of action is shorter than the corresponding Kentucky statute of limitations; and
(3)    If the accrual state's statute of limitations is shorter than Kentucky's, then the statute of limitation of the accrual state is applied; but if the statute of limitations for the cause of action in the accrual state is longer than Kentucky's, then apply Kentucky's statute of limitations.

*Combs*, 163 F. Supp. 2d at 691 (quoting *Willits v. Peabody Coal Co.*, 188 F.3d 510, 1999 WL 701916, at *12 (6th Cir. 1999)).

The Kentucky Court of Appeals' recent decision in *Cornett v. Student Loan Solutions, LLC*, 672 S.W.3d 852 (Ky. App. 2023), is instructive in determining when and where PRA's cause of action against Rodriguez accrued.  As that court noted:

---

[4] In *Conway I*, the court rejected the argument that Virginia law applied under the choice-of-law provision in the customer agreement.  *See Conway I*, 13 F. Supp. 3d at 715.

6

> The time when a cause of action arises and the place where it
> arises are necessarily connected, since the same act is the critical
> event in each instance. *The final act which transforms the liability
> into a cause of action necessarily has both aspects of time and
> place. It occurs at a certain time and in a certain geographical
> spot.*
>
> [] [*Helmers v. Anderson*, 156 F.2d 47,] 51 [(6th Cir. 1946)]
> (emphasis added). Because "when" a cause of action accrues is
> closely connected to "where" it accrues, knowing when the "final
> act" occurred that ripened the matter into a cause of action aids in
> ascertaining where the cause of action accrued.

*Abel* [*v. Austin*], 411 S.W.3d [728,] 736 [(Ky. 2013)] (quoting *Helmers* [], 156
F.2d [at] 50 []). A breach of contract action is said to ripen or accrue at the time
of its breach—that is, the date of the "promised performance."

*Id*. at 857 (quoting *Finley v. Thomas*, 107 S.W.2d 287, 288 (Ky. 1937)). As the court noted in

the context of a default on a student loan, the "action arose or accrued when [the borrower]

breached the contract and failed to make timely payments." *Id.*

While *Cornett* involved a default on a student loan, the reasoning of that decision applies

here equally. The Kentucky Court of Appeals reasoned that "Student Loan Solutions' action

arose or accrued when Cornett breached the contract and failed to make timely payments. And,

Cornett was in Kentucky when she failed to make such timely payments, so we are compelled to

conclude that the breach of contract action arose in Kentucky . . . ." *Id.* at 857. In this instance,

Rodriguez breached the terms of the Customer Agreement when he failed to make a payment on

the Capital One credit card account while living in Texas. Rodriguez admits that he made the

last payment in January 2018 before he breached and was in default of the Customer Agreement

while living in Texas. (Joint Stipulation ¶¶ 8-9). Therefore, this Court must consider Texas law,

not Virginia law, in its analysis under KRS 413.320.

Rodriguez erroneously relies on the vacated decision in *Conway I* in asserting that

Virginia's statute of limitations applies because the injury to Capital One occurred in that forum.

(Compl. ¶¶ 16-17).  Rodriguez's counsel represented the plaintiff in *Conway I*, yet fails to acknowledge that decision was vacated by *Conway II*, which specifically rejected the argument he makes here that PRA's cause of action did not accrue in Texas even though Rodriguez was a resident there when he defaulted.[5]  In *Conway II*, the court held that the cause of action accrued in Kentucky when the accountholder failed to make a payment pursuant to the terms of the Capital One customer agreement because the accountholder resided in Kentucky at the time of the default.  *See Conway II*, 2017 WL 3908682, at \*8.

Having determined that the cause of action accrued while Rodriguez lived in Texas, the Court must consider whether Texas provides for a longer limitations period than Kentucky.  *See Combs*, 163 F. Supp. 2d at 691 (citation omitted).  Under Texas law, "[a] person must bring suit on the following actions not later than four years after the day the cause of action accrues . . . debt . . . ."  Tex. Civ. Prac. & Rem. Code § 16.004(a)(3).  In contrast, under Kentucky law, a lawsuit:

> shall be commenced within five (5) years after the cause of action accrued . . . [for] [a]n action upon a contract not in writing, express or implied[;] . . . [or for] an action upon an account concerning the trade of merchandise, between merchant and merchant or their agents.

KRS 413.120(1), (10); *see Conway II*, 2017 WL 3908682, at \*9 (applying KRS 413.120(1), (10)).  Thus, because Texas has a shorter statute of limitations, KRS 413.320 dictates that the Texas statute of limitations applies.  *See* KRS 413.320; *Combs*, 163 F. Supp. 2d at 691 (citation omitted).

---

[5] Rodriguez did not file a reply to PRA's response to his dispositive motion to address the applicability of *Conway II*, which was decided almost five years before this case was filed.  In his response to PRA's motion, Rodriguez contends that *Conway II* is inconsistent with authority in other jurisdictions where other courts have considered where the economic harm occurred.  (Pl.'s Resp. Def.'s Mot. Summ. J. 2-3).  Due to the Kentucky Court of Appeals' 2023 decision in *Cornett* addressing this issue, it is unnecessary consider the authority from other jurisdictions.

In this instance, Rodriguez breached the Customer Agreement when he failed to make a payment on February 22, 2018, and PRA filed its collection action in Warren District Court on October 10, 2021, which was within the four-year statute of limitations under Texas law. Accordingly, the collection lawsuit filed in Warren District Court was timely, and Rodriguez's FDCPA claims fail as a matter of law.

For these reasons, PRA is entitled to summary judgment on Rodriguez's FDCPA claims.[6] PRA's motion is granted, and Rodriguez's summary judgment motion is denied.

## V.   **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.   Defendant's Motion for Summary Judgment (DN 27) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

2.   Plaintiff's Motion for Partial Summary Judgment (DN 26) is **DENIED**.

3.   The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 9, 2024

cc:   counsel of record

---

[6] Assuming that the collection lawsuit was untimely because Virginia law applied, PRA asserts that the Court should hold that its actions were protected by a bona-fide-error defense.  (Def.'s Mem. Supp. Mot. Summ. J. 18-25).  Based upon the Court's determination that the collection lawsuit was timely filed, it is unnecessary to address the applicability of that defense.